IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH OTZOY,<br><br>Defendant. | Case No. 3:19-CR-30108-NJR-3 |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release (Doc. 139) filed by Defendant Joseph Otzoy. For the reasons set forth below, the Court denies the Motion.

### FACTUAL & PROCEDURAL BACKGROUND

Otzoy is currently serving a sentence of one year and one day of imprisonment for possession with intent to distribute methamphetamine (Doc. 125). Otzoy entered a guilty plea pursuant to a plea agreement, in which he waived the right to "modify" his conviction and sentence (Doc. 82). Otzoy filed a Motion for Compassionate Release on December 16, 2020 (Doc. 139). Otzoy's motion argues that underlying health conditions such as his diabetes and obesity in the context of the Covid-19 pandemic constitute extraordinary and compelling reasons justifying compassionate release (*Id.*). The Government opposes the motion, arguing that Otzoy has failed to exhaust his administrative remedies and that he waived his right to seek compassionate release in his plea agreement (Doc. 146).

## LEGAL STANDARD

Under the First Step Act, inmates are authorized to bring their own motions for compassionate release after first exhausting their administrative remedies with the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). A defendant may be eligible for compassionate release if the Court finds "extraordinary and compelling reasons" to warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A). The Court also must find that the requested sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Congress has tasked the Sentencing Commission with compiling "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Commission has specified that certain circumstances surrounding the inmate's medical condition, age, and family situation will constitute extraordinary and compelling reasons. *See* U.S.S.G. § 1B1.13. The Sentencing Commission also gives the Director of the Federal Bureau of Prisons discretion to distinguish other grounds that could be extraordinary and compelling enough to merit a sentence reduction, either on their own or in combination with another listed condition. *See id.* at cmt. n.1(D).

If an inmate can show that one of the eligibility criteria is applicable, a court must then assess whether a reduction would be appropriate under the statutory sentencing factors described in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13. Lastly, a court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

## ANALYSIS

To start, the Court notes that it is unpersuaded by the argument that Otzoy has not exhausted his administrative remedies. While FCI Florence may state that it has not received communications regarding Otzoy's compassionate release request, Otzoy indicates that he has made successive good faith efforts to present his request through the Bureau of Prisons, both by submitting documents in person and by mail from his counsel. Accordingly, the Court is inclined to proceed to consideration of the motion.

The more significant obstacle to Otzoy's motion is his plea agreement, which waives the right to seek to "modify" his sentence. As this Court and other Courts in this circuit have held, broad waiver language prohibiting "modification" and the like prevents future motions for compassionate release, even where such language was agreed to before the passage of the First Step Act. *United States v. Rodas*, 719 F. App'x 528 (7th Cir. 2018); *United States v. Soto-Ozuna*, 618 F. App'x 527 (7th Cir. 2017). On the other hand, where waiver language is more narrow and merely discusses "contesting" a sentence, compassionate release is not covered, as a motion for compassionate release does not impugn a sentence as it was originally imposed but merely argues that subsequent circumstances weigh in favor of revising and modifying that sentence. *See United States v. Hicks*, 11-cr-30207, Doc. 140 at 3-4 (S.D. Ill. Aug. 4, 2020) (citing *United States v. Monroe*, 580 F.3d 552, 555–59 (7th Cir. 2009)). In this instance, the language of Otzoy's plea agreement is broadly worded and does not limit the waiver provision to attempts to contest or collaterally attack his sentence. Otzoy has waived the right to seek any modification of his sentence, and this includes a motion for compassionate release.

Accordingly, the Court will deny his motion.

## CONCLUSION

The Motion for Compassionate Release (Doc. 139) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** January 21, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**